IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ALLIANCE FOR THE WILD ROCKIES, and<br>NATIVE ECOSYSTEMS COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>JANE L. COTTRELL, in her official capacity<br>as acting Regional Forester, and the UNITED<br>STATES FOREST SERVICE, an agency of the<br>United States Department of Agriculture,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 09-107-M-DWM<br><br><br><br><br>ORDER |

Plaintiffs filed their complaint in this action on July 24, 2009, asking the Court to 1) issue declaratory judgment on five issues; 2) issue an injunction; 3) "set aside the emergency situation definition found at 36 C.F.R. § 215.2 (2003)"; and 4) award Plaintiffs their costs and attorneys fees. Five days later, the parties

1

filed a Joint Motion for Expedited Briefing Schedule, which is moot.

The parties are free to stipulate to an expedited briefing schedule without the permission of the Court.  Nonetheless, agreement to expedite the briefing cannot be used as a basis to force an early determination on the merits.  This case is an example of the kind of problem such thinking causes.  It is impossible to consider the entire record in the short time available.  The parties requested "expedited consideration of the preliminary injunction briefs by August 17, 2009," or one week after the stipulated deadline for Defendants' response brief.  At the same time there is no apparent request for a temporary restraining order.  This legal lurch does not permit comfortable analysis of the issues raised.

The Court has read and studied the motion, briefs, and the affidavits that have been filed.  Plaintiffs filed a Motion for Preliminary Injunction, and a Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction.  It is unclear why the brief is styled as such, considering the parties' purported wish to avoid TRO proceedings.  The motion itself asks for an injunction and the content of Plaintiffs' brief is directed toward this request; this seems to show the reference to a TRO is a mistake.  Similarly, the Joint Motion for Expedited Briefing's complete title indicates the parties seek a ruling on "Plaintiffs' Motion for Preliminary Judgment," which the Court assumes is also

a mistake.

Because Plaintiffs do not show 1) a likelihood of success on the merits; 2) they are likely to suffer irreparable harm; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest, the Motion for Preliminary injunction will be denied.  See Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008).  In Winter, the Supreme Court clarified that the Ninth Circuit's "possibility" standard for evaluating requests for preliminary injunctions was too lenient.  See id. at 375 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.").  The standard announced in Winter suggests that Plaintiffs must show each of the four elements is more likely than not to be the case, or to occur.  After reviewing the parties' filings, the Court is convinced Plaintiffs do not show a likelihood of success on the merits, nor that irreparable injury is likely in the absence of an injunction.  This determination prevents the issuance of a preliminary injunction at this stage of the proceedings.  Whether declaratory relief is appropriate as Plaintiffs request can be determined after a hearing on the merits.

The Case Management Order (dkt # 4) remains in effect in this action.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary

Injunction (dkt # 8) is DENIED;

IT IS FURTHER ORDERED that the Joint Motion for Expedited Briefing (dkt # 6) is DENIED as moot.

Dated this 14th day of August, 2009, 3:56 p.m.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

4